IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2008 FEB -1  A 10: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CHRYSTA GAIL GRAVES, as the administratrix of the estate of MICHAEL STEVEN GAILS, deceased<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA BANK, NATIONAL ASSOCIATION, and FICTITIOUS DEFENDANTS A-Z, whose identities are unknown but will be added hereto as named defendants at such time as their true identifies are ascertained, being more particularly identified as that person or persons who illegally, improperly, and without legal authority, forged the signature of Michael Stevens Gales to the checks drawn on the account of Michael Stevens Gales with Wachovia Bank, N.A., during the period from September, 2006 through February 23, 2007,<br><br>Defendants. | CIVIL ACTION NO. 1:08-CV-75- |

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wachovia Bank, National Association ("Wachovia"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the Circuit Court of Houston County,

1637994 v1

Alabama, to the United States District Court, Middle District of Alabama, Southern Division, and in support thereof, state as follows:

## INTRODUCTION

1. Plaintiff Chrysta Gales Graves, as administratrix for the estate of Michael Stevens Gales ("Plaintiff"), commenced this action by filing a complaint against Wachovia in the Circuit Court of Houston County, Alabama, Civil Action Number CV-2007-700H, which is a state court within this judicial district.

2. In the Complaint, Plaintiff purports to set forth claims for negligence, wantonness, breach of agreement, breach of fiduciary duty, conversion/trespass to chattel, negligent/wanton hiring/training/supervision, equity, and bad faith refusal to pay based upon Wachovia's alleged acceptance and payment on forged checks from Michael Stevens Gales' account in the amount of $300,000. Based upon the foregoing claims, Plaintiff seeks an unlimited amount of amount of compensatory and punitive damages, as well as attorney fees and costs.

## GROUNDS FOR REMOVAL

### I. DIVERSITY JURISDICTION

3. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

4.  This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (a)  The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between -
>
> (1)  citizens of different states. . .

A.  **Citizenship of the Parties.**

5.  There is complete diversity of citizenship between Plaintiff and Wachovia in this action.

6.  Plaintiff is a resident citizen of the State of Alabama.

7.  Wachovia is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of North Carolina. Wachovia is not a citizen of Alabama.

C.  **The Amount In Controversy Requirement is Satisfied in the Present Action.**

8.  Diversity jurisdiction's amount in controversy requirement is also satisfied. 28 U.S.C. § 1332.

9.  The amount in controversy in this action exceeds the $75,000 jurisdictional because Plaintiff alleges that $300,000 was taken from Michael Stevens Gales' account. Accordingly, the jurisdictional minimum is clearly met in this matter.

**ADOPTION AND RESERVATION OF DEFENSES**

10.  Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the removing Wachovia's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5)

improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Ala. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## PROCEDURAL REQUIREMENTS

11. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

12. Federal jurisdiction exists under 28 U.S.C. § 1332, as this civil action is between citizens of different states, and the amount in controversy exceeds $75,000.

13. True and correct copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Wachovia to date in this case.

14. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446. This matter became removable on or about January 4, 2008, the date Wachovia was served with Plaintiff's complaint.

15. Wachovia has heretofore sought no similar relief.

16. The United States District Court for the Middle District of Alabama, Southern Division, is the court and division embracing the place where this action is pending in state court.

17. Wachovia reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

18. Contemporaneously with the filing of this Notice of Removal, Wachovia has filed a copy of same with the clerk of the Circuit Court of Houston County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** Wachovia prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Houston County, Alabama to the United States District Court for the Middle District of Alabama, Southern Division.

Respectfully submitted,

/s/ Will Long

Victor Hayslip (HAY019)
William J. Long IV (LON044)

Attorneys for Defendant
Wachovia Bank, National Association

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing has been served on the following by directing same to the below-listed address through first-class, United States mail, postage prepaid, on this the 31st day of January, 2008:

Stephen T. Etheridge, Esq.<br>
P.O. Box 1193<br>
Dothan, AL 36302

                */s/ Willey/*
                OF COUNSEL

EXHIBIT A

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

DEC 2 0 2007

Carla Woodall, Clerk
Houston County, AL

| | |
|---|---|
| Chrysta Gales Graves, as Administratrix of the Estate of Michael Steven Gales, deceased,<br><br>PLAINTIFF,<br><br>vs.<br><br>WACHOVIA BANK, NATIONAL ASSOCIATION, and FICTITIOUS DEFENDANTS A-Z, whose identities are currently unknown but who will be added hereto as named defendants at such time as their true identities are ascertained, being more particularly identified as that person or those persons who illegally, improperly, and without legal authority, forged the signature of Michael Steven Gales to checks drawn on the account of Michael Steven Gales with Wachovia Bank, N. A., during the period from September, 2006 through February 23, 2007,<br><br>DEFENDANTS. | CASE NO: CV-2007- 900H |

## COMPLAINT

COMES NOW the Plaintiff, Chrysta Gales Graves, in her capacity as the Administratrix of the Estate of Michael Steven Gales, deceased, (hereinafter referred to as Plaintiff), and files her Complaint as follows:

### Parties

1. Plaintiff is Administratrix of the Estate of Michael Steven Gales, deceased, whose estate is currently pending in the Probate Court of Dale County, Alabama.

2. Defendant Wachovia Bank (hereinafter "Wachovia") is a bank doing business by agent in Houston County, Alabama.

3. Defendants A-Z are those persons, who engaged in, profited from, assisted, conspired with, or otherwise took part in the wrongful actions alleged herein.

## Background Facts

4. Paragraphs 1-3 are incorporated herein by reference.

5. Fictitious Defendants A - Z, engaged in a scheme to take, steal, convert, and/or embezzle monies from Plaintiff, without the knowledge or consent of Plaintiff.

6. Fictitious Defendants A - Z used forgeries to accomplish their scheme; and various other criminal and wrongful acts.

7. The forgeries and negotiation of the forged instruments were done with the intent to defraud Plaintiff's decedent, take and convert Plaintiff's decedent's property to Defendants' use, and deny Plaintiff's decedent the rightful use of his personal property and monies. Plaintiff's decedent and his Estate have been denied the use of more than $300,000 of property.

8. Plaintiff's decedent was a customer of Defendant Wachovia under an Account Agreement for account # 1010127019248.

9. Defendant Wachovia failed to exercise good faith in processing, paying, allowing, and otherwise assisting Fictitious Defendant's wrongful tender and receipt of funds over forged endorsements, in violation of its duties to Plaintiff's decedent.

10. Defendant Wachovia further had notice of a missing booklet of checks from Plaintiff's decedent's account and was thus placed on actual or constructive notice of the risk of forgeries.

11. Upon information and belief, Fictitious Defendants presented numerous checks drawn on the account of Plaintiff's decedent to Defendant Wachovia for the purpose of converting said checks to cash.

12. All of the above said wrongful transfers were done without the knowledge

and consent of the Plaintiff's decedent, and were done in violation of Plaintiff's decedent's rights to the use, benefit, and enjoyment of his property.

13.  Plaintiff, in her capacity as Administratrix of the decedent's estate, reported said wrongful transfers, and demanded Wachovia return all funds removed by Plaintiff's decedent's account over forged signatures, however, Wachovia failed to do so and failed to restore the funds to Plaintiff's decedent's accounts in good faith.

14.  Plaintiff's decedent and his Estate have been caused injury and damages in that he has been caused to incur financial loss, has been denied the use, benefit and enjoyment of his property.

15.  The wrongful actions of Defendants were done intentionally, recklessly, wantonly, consciously or deliberately, with malice, oppression, grossly, or with insult, or contumely.

## Count I

### Negligence: Lack of Reasonable and Ordinary Care

16.  Paragraphs 1-15 are incorporated herein by reference.

17.  Defendant, Wachovia, owed Plaintiffs duties of reasonable, due, or ordinary care, and duties not to act out of inattention, thoughtlessness, or heedlessness, as well as statutory duties imposed by, *inter alia*, the Uniform Commercial Code as adopted by the State of Alabama.

18.  Defendant, Wachovia, breached said duties as set out above.

19.  Plaintiff's decedent's Estate was proximately caused to suffer injury thereby.

20.  Plaintiff's decedent's Estate has been damaged as set out herein.

WHEREFORE, Plaintiff demands judgment against the Defendant, Wachovia Bank, in such sum as a jury may award, interest, and costs.

## Count II

### Wantonness

21. Paragraphs 1-20 are incorporated herein by reference.

22. Fictitious Defendants A - Z and Defendant, Wachovia, owed Plaintiff's decendent duties not to act wrongfully with a purpose or design, or consciously or intentionally wrongful.

23. Defendants breached said duties as set out above.

24. Plaintiff's decedent's Estate was proximately caused to suffer injury thereby.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants, A - Z, and Defendant, Wachovia Bank, in such sum as a jury may award, interest, and costs.

## Count III

### Breach of Agreement

25. Paragraphs 1-24 are incorporated herein by reference.

26. Defendants owed Plaintiff's decedent contractual duties arising from their respective relationships.

27. Defendants breached said duties as set out above.

28. Plaintiff's decedent fulfilled all duties required of him by said contracts.

29. Plaintiff's decedent's Estate was caused to suffer injury as a result of said breach(es).

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants A -Z and Defendant, Wachovia Bank, in such sum as a jury may award, interest, and costs.

## Count IV

### Breach of Fiduciary Duties

30. Paragraphs 1-29 are incorporated herein by reference.

31. Defendant, Wachovia, owed Plaintiff's decedent certain fiduciary duties as a result of being placed in a position of confidence and trust, and otherwise arising from their relationships.

32. Defendants breached said duties by paying checks over forged signatures and as otherwise set out above.

33. Plaintiff's decedent and his Estate were caused to suffer injury as a result of said breach.

WHEREFORE, Plaintiff demands judgment against the Defendant, Wachovia Bank, in such sum as a jury may award, interest, and costs.

## Count V

### Conversion/Trespass to Chattel

34. Paragraphs 1-33 are incorporated herein by reference.

35. Defendants A - Z appropriated personal property of the Plaintiffs to their use and benefit; or exercised wrongful dominion over the same to the exclusion and in defiance of Plaintiff's decedent's rights; or withheld possession of personal property from the Plaintiff's decedent and his Estate without legal claim of title, as set out above.

36. Defendants did so willfully, with malice and insult.

37. Plaintiff's decedent and decedent's estate were caused to suffer injury as a result of same.

WHEREFORE, Plaintiff demands judgment against the Fictitious Defendants A - Z, in such sum as a jury may award, interest and costs.

## Count VI

### Negligent/Wanton Hiring, Training, or Supervision

38. Paragraphs 1-37 are incorporated herein by reference.

39. Wachovia had a duty of care toward Plaintiff's decedent in ensuring that

its employees and agents properly followed procedures, acted with ordinary and reasonable care, and without intentionally, consciously or wrongfully causing injury to Plaintiff's decedent or his Estate.

40.     Actions of employees and agents of Wachovia were incompetent and done negligently and/or wantonly.

41.     Wachovia breached the duty that it owed Plaintiffs as set out above.

42.     The actions of Wachovia's employees and agents were known or should have been foreseeable to Wachovia.

43.     Said negligent/wanton hiring, training, and supervision was a proximate cause of Plaintiff's decedent's injury and damages.

WHEREFORE, Plaintiff demands judgment against the Defendant, Wachovia Bank, in such sum, including punitive damages, as a jury may award, interest, and costs.

## Count VII

### Equity

44.     Paragraphs 1-43 are incorporated herein by reference.

45.     Fictitious Defendants A - Z acquired the use of Plaintiffs' property through unlawful and inequitable means.

46.     Plaintiff's decedent and his Estate was caused to suffer injury thereby.

WHEREFORE, Plaintiff demands judgment against the Defendants A - Z in such sum as a jury may award, including punitive damages, interest, and costs.

## Count VIII

### Bank's Failure to Pay in Good Faith

47.     Paragraphs 1-46 are incorporated herein by reference.

48.     Defendant Wachovia was on notice of the forged signatures as described

herein.

49.     Despite being placed on notice of the same, Wachovia failed to pay and restore the same to Plaintiff's decedent's account in good faith.

WHEREFORE, Plaintiff demands judgment against the Defendant, Wachovia Bank, in such sum as a jury may award, interest, and costs.

                                                  */s/ Stephen T. Etheredge*
                                                  Stephen T. Etheredge (ETH02)
                                                  Attorney for Plaintiff
                                                  P.O. Box 1193
                                                  Dothan, AL 36302
                                                  (334) 793-3377

Plaintiff demands trial by jury of all issues presented herein.

                                                  */s/ Stephen T. Etheredge*
                                                  Stephen T. Etheredge

**Serve Defendant by Certified Mail
delivered to its Registered Agent:**

CSC LAWYERS INCORPORATING SRV INC
150 S PERRY ST
MONTGOMERY, AL  36104






CARLA H. WOODA
HOUSTON COUNTY CIR
P. O. DRAWER 6406
DOTHAN, ALABAMA 363

7000 0600 0024 3243 7556

CSC Lawyers Incorpo
Service, Inc
150 S. Perry St
Montgomery, AL 36104

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003672
Cashier ID: brobinso
Transaction Date: 02/01/2008
Payer Name: BURR AND FORMAN LLP
----------------------------------------
CIVIL FILING FEE
  For: BURR AND FORMAN LLP
  Case/Party: D-ALM-1-08-CV-000075-001
  Amount:         $350.00
----------------------------------------
CHECK
  Check/Money Order Num: 308764
  Amt Tendered: $350.00
----------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:        $0.00

GRAVES ETC V. WACHOVIA BANK
```