IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2008 FEB -1  A 10: 52

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CHRYSTA GAIL GRAVES, as the administratrix of the estate of MICHAEL STEVEN GAILS, deceased<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA BANK, NATIONAL ASSOCIATION, and FICTITIOUS DEFENDANTS A-Z, whose identities are unknown but will be added hereto as named defendants at such time as their true identifies are ascertained, being more particularly identified as that person or persons who illegally, improperly, and without legal authority, forged the signature of Michael Stevens Gales to the checks drawn on the account of Michael Stevens Gales with Wachovia Bank, N.A., during the period from September, 2006 through February 23, 2007,<br><br>Defendants. | CIVIL ACTION NO. 1:08-CV-75 |

### DEFENDANT WACHOVIA BANK, NATIONAL ASSOCIATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Wachovia Bank, National Association ("Defendant"), by and through its counsel of record, and hereby answers Plaintiff Chrysta Gales Graves', as administratrix for the estate of Michael Stevens Gales ("Plaintiff"), Complaint as follows:

1.  Defendant is without sufficient information to admit or deny the allegations of Paragraph 1 and, therefore, Defendant denies them and demands strict proof thereof.

2.  Defendant is a foreign corporation doing business in Houston County.

3. Defendant is without sufficient information to admit or deny the allegations of Paragraph 3 and, therefore, Defendant denies them and demands strict proof thereof.

## BACKGROUND FACTS

4. In response to paragraph 4, Defendant adopts and incorporates each of its responses to paragraphs 1 through 3 as if fully set forth herein.

5. Defendant is without sufficient information to admit or deny the allegations of Paragraph 5 and, therefore, Defendant denies them and demands strict proof thereof.

6. Defendant is without sufficient information to admit or deny the allegations of Paragraph 6 and, therefore, Defendant denies them and demands strict proof thereof.

7. Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 and, therefore, Defendant denies them and demands strict proof thereof.

8. Defendant admits that Michael Stevens Gail had an account numbered 1010127019248.

9. Defendant denies the allegations of paragraph 9 and demands strict proof thereof.

10. Defendant denies the allegations of paragraph 10 and demands strict proof thereof.

11. Defendant denies the allegations of paragraph 11 and demands strict proof thereof.

12. Defendant denies the allegations of paragraph 12 and demands strict proof thereof.

13. Defendant denies the allegations of paragraph 13 and demands strict proof thereof.

14. Defendant denies the allegations of paragraph 14 and demands strict proof thereof.

15. Defendant denies the allegations of paragraph 15 and demands strict proof thereof.

**COUNT I**
**NEGLIGENCE: LACK OF REASONABLE AND ORDINARY CARE**

16. In response to paragraph 16, Defendant adopts and incorporates each of its responses to paragraphs 1 through 15 as if fully set forth herein.

17. Defendant denies the allegations of paragraph 17 and demands strict proof thereof.

18. Defendant denies the allegations of paragraph 18 and demands strict proof thereof.

19. Defendant denies the allegations of paragraph 19 and demands strict proof thereof.

20. Defendant denies the allegations of paragraph 20 and demands strict proof thereof.

In response to Plaintiff's "WHEREFORE" paragraph, Defendant specifically denies that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

**COUNT II**
**WANTONNESS**

21. In response to paragraph 21, Defendant adopts and incorporates each of its responses to paragraphs 1 through 20 as if fully set forth herein.

22. Defendant denies the allegations of paragraph 22 and demands strict proof thereof.

23. Defendant denies the allegations of paragraph 23 and demands strict proof thereof.

24. Defendant denies the allegations of paragraph 24 and demands strict proof thereof. Defendant specifically denies that Plaintiffs are entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

In response to Plaintiff's "WHEREFORE" paragraph, Defendant specifically denies that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## COUNT III
## BREACH OF AGREEMENT

25. In response to paragraph 25, Defendant adopts and incorporates each of its responses to paragraphs 1 through 24 as if fully set forth herein.

26. Defendant denies the allegations of paragraph 26 and demands strict proof thereof.

27. Defendant denies the allegations of paragraph 27 and demands strict proof thereof.

28. Defendant denies the allegations of paragraph 28 and demands strict proof thereof.

29. Defendant denies the allegations of paragraph 29 and demands strict proof thereof.

In response to Plaintiff's "WHEREFORE" paragraph, Defendant specifically denies that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## COUNT IV
## BREACH OF FIDUCIARY DUTIES

30. In response to paragraph 30, Defendant adopts and incorporates each of its responses to paragraphs 1 through 29 as if fully set forth herein.

31. Defendant denies the allegations of paragraph 31 and demands strict proof thereof.

32. Defendant denies the allegations of paragraph 32 and demands strict proof thereof.

33. Defendant denies the allegations of paragraph 33 and demands strict proof thereof.

In response to Plaintiff's "WHEREFORE" paragraph, Defendant specifically denies that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## COUNT V
## CONVERSION/TRESPASS TO CHATTEL

34. In response to paragraph 34, Defendant adopts and incorporates each of its responses to paragraphs 1 through 33 as if fully set forth herein.

35. Defendant denies the allegations of paragraph 35 and demands strict proof thereof.

36. Defendant denies the allegations of paragraph 36 and demands strict proof thereof.

37. Defendant denies the allegations of paragraph 37 and demands strict proof thereof.

In response to Plaintiff's "WHEREFORE" paragraph, Defendant specifically denies that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## COUNT VI
## NEGLIGENT/WANTON HIRING, TRAINING, OR SUPERVISION

38. In response to paragraph 38, Defendant adopts and incorporates each of its responses to paragraphs 1 through 37 as if fully set forth herein.

39. Defendant denies the allegations of paragraph 39 and demands strict proof thereof.

40. Defendant denies the allegations of paragraph 40 and demands strict proof thereof.

41. Defendant denies the allegations of paragraph 41 and demands strict proof thereof.

42. Defendant denies the allegations of paragraph 42 and demands strict proof thereof.

43. Defendant denies the allegations of paragraph 43 and demands strict proof thereof.

In response to Plaintiff's "WHEREFORE" paragraph, Defendant specifically denies that Plaintiff is entitled to any judgment, damages, including punitive damages, or other relief whatsoever and demands strict proof thereof.

## COUNT VII
## EQUITY

44. In response to paragraph 44, Defendant adopts and incorporates each of its responses to paragraphs 1 through 43 as if fully set forth herein.

45. Defendant denies the allegations of paragraph 45 and demands strict proof thereof.

46. Defendant denies the allegations of paragraph 46 and demands strict proof thereof.

In response to Plaintiff's "WHEREFORE" paragraph, Defendant specifically denies that Plaintiff is entitled to any judgment, damages, including, punitive damages, or other relief whatsoever and demands strict proof thereof.

## COUNT VIII
## BANK'S FAILURE TO PAY IN GOOD FAITH

47.  In response to paragraph 47, Defendant adopts and incorporates each of its responses to paragraphs 1 through 46 as if fully set forth herein.

48.  Defendant denies the allegations of paragraph 48 and demands strict proof thereof.

49.  Defendant denies the allegations of paragraph 49 and demands strict proof thereof.

In response to Plaintiff's "WHEREFORE" paragraph, Defendant specifically denies that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## FIRST DEFENSE

Defendant avers that venue is improper.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's account did not afford Plaintiff any special legal protection and established no additional legal duties on the part of Wachovia (apart from those established by agreement or by law for general deposit accounts or savings accounts).

## FOURTH DEFENSE

Defendant denies that Plaintiff has been damaged by the Defendant and demands strict proof thereof.

## FIFTH DEFENSE

Any loss sustained by Plaintiff as a result of any failure by Wachovia to exercise ordinary care must be allocated in accordance with the provisions of ALA. CODE § 7-4-406(e).

## SIXTH DEFENSE

Defendant specifically denies that it committed negligence, wantonness, breach of agreement, breach of fiduciary duty, conversion/trespass to chattel, negligent/wanton hiring/training/supervision, equity, or bad faith refusal to pay.

## SEVENTH DEFENSE

Any losses or damages are not the proximate result of any act or omission by Defendant and Plaintiff has failed to mitigate any loss.

## EIGHTH DEFENSE

Plaintiff has not been induced to act or not to act because of any suppression or concealment by Defendant.

## NINTH DEFENSE

Defendant complied with all the requirements of federal and state law regarding any transactions with the Plaintiff.

## TENTH DEFENSE

Plaintiff breached the terms of the Deposit Agreement and the corresponding Rules and Regulations Governing Deposit Accounts.

## ELEVENTH DEFENSE

No action by the Defendant was the actual or proximate cause of injury to Plaintiff.

## TWELFTH DEFENSE

Any assigned loss or damages is the result of acts or omissions of third parties for which Defendant is not responsible.

## THIRTEENTH DEFENSE

Plaintiff's claims are subject to, preempted, and/or limited by the Uniform Commercial Code.

## FOURTEENTH DEFENSE

Defendant avers the affirmative defenses of Estoppel, Waiver, Laches, Statute of Limitations and Statute of Frauds. The Defendant further avers that the Plaintiff has an affirmative duty to mitigate his damages but failed to do so.

## FIFTEENTH DEFENSE

Plaintiff's claims should be barred, or at least reduced, by the doctrines of set-off and recoupment.

## SIXTEENTH DEFENSE

Plaintiff is precluded from proceeding in a judicial forum because he agreed to arbitrate his claims.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, consent, acquiescence, and unclean hands.

## EIGHTEENTH DEFENSE

On the occasion complained of, Plaintiff was guilty of contributory negligence which proximately caused or contributed to the injuries alleged in the complaint.

## NINETEENTH DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to Alabama Code § 6-11-20.

## TWENTIETH DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

## TWENTY-FIRST DEFENSE

Plaintiff's claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

a. It is a violation of Article I, §§ 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil defendant, upon the Plaintiff's satisfaction of a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant in violation of the Defendant' due process rights guaranteed by the Alabama Constitution.

c. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive the Defendant of due process of law in violation of the Alabama Constitution.

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive the Defendant of due process of law in violation of the Alabama Constitution.

e. An award of punitive damages in this case would constitute a deprivation of property without due process of law.

  f. The procedures pursuant to which punitive damages are awarded cause the Defendant to be treated differently from other similarly situated persons/entities by subjecting the Defendant to liability beyond the actual loss, if any, caused by Defendant' conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

  g. The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies the Defendant its rights of equal protection and due process.

  h. The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, § 15 and Article I, § 1 of the Alabama Constitution and in violation of the Defendant' due process rights.

  i. The procedures pursuant to which punitive damages are awarded subject the Defendant to punishment under a law not fully established before the alleged offense, in violation of Article I, § 7 of the Alabama Constitution.

  j. It is a violation of the Alabama Constitution to impose punitive damages against the Defendant, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

  k. The procedures pursuant to which punitive damages are awarded subject the Defendant to punishment for the conduct of others through vicarious liability, respondeat superior, or through nonapportionment of damages among joint tortfeasors based on the respective enormity of its alleged misconduct, in violation of Defendant's due process rights and Article I, § § 1, 6, 13 and 22 of the Alabama Constitution.

l.   The procedures pursuant to which punitive damages are awarded expose Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

m.   The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

n.   Plaintiff's claim for punitive damages against the Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate the Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

o.   Plaintiff's claim for punitive damages against the Defendant cannot be sustained because any award of punitive damages under Alabama law would violate the Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

### TWENTY-SECOND DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that Plaintiff seeks the admission into evidence of the Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a

form of punishment that is grounded in a Defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § § 1, 6, 13, and 22 of the Alabama Constitution.

## TWENTY-THIRD DEFENSE

Defendant denies that it has been guilty of any conduct which entitles Plaintiff to recover punitive damages. Moreover, Plaintiff is not entitled to punitive damages because he failed to comply with Alabama Code § 6-5-185.

## TWENTY-FOURTH DEFENSE

The claim of Plaintiff for punitive damages against Defendant cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## TWENTY-FIFTH DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, the claim of Plaintiff for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal Defendant, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution. These rights will be violated unless the Defendant are afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if

requested by Defendant for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

## TWENTY-SIXTH DEFENSE

The claim of Plaintiff for punitive damages against Defendant cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

## TWENTY-SEVENTH DEFENSE

The claim of Plaintiff for punitive damages against Defendant cannot be upheld to the extent it is in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling in the case of BMW v. Gore, 116 S. Ct. 1589 (1996).

## TWENTY-NINTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld based on all grounds that the United States Supreme Court, in BMW v. Gore, 116 S. Ct. 1589 (1996) and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003), determined that certain laws governing the right to recover damages punitive in nature or the determination of the amount of damages punitive in nature violate a Defendant's rights provided by the United States Constitution.

### THIRTIETH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld under BMW v. Gore, 116 S. Ct. 1589 (1996) and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003), to the extent it seeks to punish, influence or change Defendant's policies or practices nationwide rather than Defendant's policies or practices that occurred in this state.

### THIRTY-FIRST DEFENSE

Plaintiff's claims for punitive damages cannot be upheld under BMW v. Gore, 116 S. Ct. 1589 (1996) and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003), to the extent it considers profits, if any, earned by Defendant other than profits earned in this state which relate to the alleged wrongful conduct at issue.

### THIRTY-SECOND DEFENSE

Plaintiff's claims for punitive damages cannot be upheld under BMW v. Gore, 116 S. Ct. 1589 (1996) and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003), to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to insure that Defendant will more fully comply with this state's laws in the future.

### THIRTY-THIRD DEFENSE

The Defendant avers that punitive damages would serve no purpose for which punitive damages are awarded in Alabama.

### THIRTY-FOURTH DEFENSE

The United States Constitution does not establish a right to jury trial for punitive damages. See Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 121 S. Ct. 1678 (2001). Any claim for a jury trial on punitive damages is due to be stricken.

## THIRTY-FIFTH DEFENSE

The Defendant has at all times relevant hereto complied with all applicable laws, regulations, and standards, and the claims asserted by the Plaintiff are, therefore, preempted under state and federal law, or either of them.

## THIRTY-SIXTH DEFENSE

The Defendant denies the material allegations of the Complaint and demands strict proof thereof.

## THIRTY-SEVENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.

## THIRTY-EIGHTH DEFENSE

Any reliance by the Plaintiffs was unreasonable.

## THIRTY-NINTH DEFENSE

Defendant has neither suppressed nor concealed any material fact from Plaintiff.

## FORTIETH DEFENSE

Defendant avers that Plaintiff lacks standing to assert his claims and/or is not the real party in interest.

Defendant further reserves the right to assert additional defenses as discovery progresses in this case. To the extent any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

_____
Victor Hayslip (HAY019)
William J. Long (LON044)

Attorneys for Defendant,
Wachovia Bank, National Association

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street
3100 Wachovia Tower
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to the below-listed address through first-class, United States mail, postage prepaid, on this the 31st day of January, 2008:

Stephen T. Etheridge, Esq.
P.O. Box 1193
Dothan, AL 36302

_____
OF COUNSEL