IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
CHRYSTA GALES GRAVES, as      )
Administratrix of the         )
Estate of Michael Steven      )
Gales, deceased,              )
                              )
     Plaintiff,               )
                              )    CIVIL ACTION NO.
     v.                       )       1:08cv75-MHT
                              )
WACHOVIA BANK, National       )
Association,                  )
                              )
     Defendant.               )
```

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of

each defendant.  28 U.S.C. § 1332; see also 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 8.03[5][b] at 8-10 (3d ed. 1998).

Plaintiff has brought this lawsuit in her capacity as personal representative for the estate of the decedent. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent ...." 28 U.S.C. § 1332(c)(2).  Because the notice of removal sets forth only the citizenship of the personal representative and not of the decedent, the notice does not adequately establish ground for this court to assume removal jurisdiction of this matter.

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the defendant has until April 4, 2008, to amend the notice of removal to allege jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 5th day of March, 2008.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE